A. C. HOLMQUIST, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

J. W. HOLMQUIST, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10084, 10085. Promulgated July 20, 1928.

*Ben Jenkins, Esq.*, for the petitioners.
*Dwight H. Green, Esq.*, for the respondent.

## OPINION.

LITTLETON: That the purchase of 789½ shares from the minority stockholders for $323,695 in cash and property and the immediate re-issue of the shares to the remaining stockholders resulted in a decrease in the amount of the corporation's surplus as then existing,

1440

has not been questioned by the petitioners and is not an issue to be decided here.

In the determination of the amount of surplus and undivided profits accumulated after February 28, 1913, and subject to surtax when distributed as a part of a liquidating dividend paid in 1922, the Commissioner properly examined the capital and income accounts of the corporation from the time it was organized until the date of the distribution and was entirely within the purview of his administrative duties in testing both the income accounts and the allowances and reserves for depreciation of assets, and in considering depreciation which occurred both before and after March 1, 1913. The flat rate of 4 per cent upon cost of depreciable assets adopted by the Commissioner appears to us, under the circumstances, to have been entirely reasonable and fair and it further appears that the corporation, and these petitioners as its officers, have in effect accepted the reasonableness of this rate. We are of the opinion that adjustments of surplus and undivided profits and depreciation reserves, both as to the period prior to March 1, 1913, and since, in so far as the computation of depreciation reserves at the rate of 4 per cent of the capital cost of assets is concerned, must be taken to be supported by the rule of reasonableness as applied to the special facts and properties involved in these actions.

In connection with the sale of certain assets occurring in June, 1917, and February, 1919, it appears that the Commissioner in making his final adjustments of surplus and depreciation reserves had computed upon these assets depreciation at the rate of 4 per cent from the date acquired until the date sold, and, in view of the fact that these assets were sold for an amount equal to the original cost, he has added the amount computed as a reserve against them into income realized in June, 1917, and February, 1919. That is, as we understand the action of the Commissioner, the profit realized on this transaction is represented by the difference between cost, less depreciation, and the sales price, and this entire profit is considered to have accumulated subsequent to March 1, 1913. Petitioners contend that since the amount of profit is equal to the depreciation which was computed on the assets from the dates of their acquisition to the dates of the sales, and since this depreciation was considered to have accrued ratably over the years both prior and subsequent to March 1, 1913, the profits which were realized in 1917 and 1919 represent profits which accumulated in a similar manner and that, therefore, profits equal to the depreciation computed to March 1, 1913, would be nontaxable when distributed. This proposition seems to be based on the theory that what happened was a transfer of a depreciation reserve to surplus and overlooks the real transaction, i. e., a sale on which profit was realized. It is certainly true that in case of assets acquired prior

to March 1, 1913, and sold in 1917 and 1919, the only gain which would be taxable, either on account of the sale or in subsequent distribution by, or liquidation of, the corporation, would be the amount of gain which accrued after March 1, 1913, but where the sales took place after March 1, 1913, and the Commissioner has determined that all of the profits realized were attributable to the period subsequent to March 1, 1913, we can not say that the respondent is in error when we do not have evidence as to the March 1, 1913, value of the assets sold. This the petitioners have failed to furnish, merely contenting themselves with an argument as to the ratable increase in value of the assets. Since the assets were sold for cost, before considering depreciation, and since there is no dispute that depreciation did take place, it appears that there was an appreciation in value which offset the depreciation sustained and upon which there was a realization when the assets were sold. It may be that the entire appreciation in value took place prior to March 1, 1913, in such a manner as to render the entire profit realized nontaxable, but this is not established by any evidence. The Commissioner determined that profits were realized on the sales in 1917 and 1919, and that these entire profits were accumulated subsequent to March 1, 1913. We can not say from the mere coincidence that the depreciation sustained is equal to the profits realized that a part of these profits represents accumulations prior to March 1, 1913, and part subsequent to March 1, 1913. We can not assume in the face of the Commissioner's determination that when a gain is realized on the sale of an asset, this gain will be deemed to have accrued ratably over the period from the time the assets were acquired to the date of the sale. See *Tabor Mfg. Co.*, 10 B. T. A. 1197. The burden is upon petitioners to show error by competent proof, and this they have failed to do.

Reviewed by the Board.

*Judgment will be entered for the respondent.*